UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

JOHN WILLIAM THOMAS )
)
v. ) 1:10-cv-225\1:07-cr-13
) *Chief Judge Curtis L. Collier*
UNITED STATES OF AMERICA )

**MEMORANDUM**

John William Thomas ("Thomas") has filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 (Criminal Court File No. 17).[1] Thomas challenges his sentence contending his prior conviction for escape no longer qualifies as an Armed Career Criminal predicate offense under 18 U.S.C. § 924(e) based on the Supreme Court's decisions in *Begay v. United States,* 553 U.S. 137 (2008); *Chambers v. United States*, ___ U.S. ___, 129 S.Ct. 687 (2009) and *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265 (2010).

The government asserts Thomas' motion is time-barred under 28 U.S.C. § 2255(f)(1) as it was filed more than one year after his judgment of conviction became final. The government, relying upon a Seventh Circuit case which held *Begay* and its progeny apply retroactively to cases on collateral review, *see Welch v. United States*, 604 F.3d 408, 415 (7th Cir. 2010), contends that Thomas § 2255 motion is also time-barred under 28 U.S.C. § 2255(f)(3), because the right asserted by Thomas was initially recognized by the Supreme Court in *Chambers* on January 13, 2009,[2] and Thomas filed his motion almost seven months after the expiration of the one year statute of limitations for filing a § 2255 motion under § 2255(f)(3). In addition, the government argues

---

[1] Each document will be identified by the Court File Number assigned to it in the underlying criminal case.

[2] Using this date, the statute of limitations expired on or about January 13, 2010.

Thomas has failed to establish that equitable tolling should apply. The government further contends that, even if the date of Thomas's previously filed Rule 60(d) motion were treated as the filing date for purposes of § 2255's one year statute of limitations, that motion was untimely by approximately three months because it was filed on March 23, 2010.

After reviewing the record and the applicable law, for the reasons explained below, the Court concludes Thomas's motion under 28 U.S.C. § 2255 will be **DENIED** as time-barred by the applicable one-year statute of limitations (Court File No. 17).

**I.      Background**

On February 22, 2007, Thomas pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) (Criminal Court File No. 5). The United States Probation Office prepared a Presentence Report ("PSR") which reflected Thomas qualified as an Armed Career Criminal under 18 U.S.C. § 924(e) because he had three prior convictions for violent felonies—2 convictions for aggravated burglary and one conviction for escape. Thomas was sentenced to 190 months imprisonment in the custody of the United States Bureau of Prisons (Criminal Court File Nos. 10, 11). Thomas did not file a direct appeal. On or about March 23, 2010, Thomas filed a motion for relief from judgment pursuant to Rule 60(d) claiming his escape conviction no longer qualified as an Armed Career Criminal predicate offense under § 924(e)(Criminal Court File No. 14). The Court denied the motion and directed the Clerk to send Thomas a form for filing a § 2255 motion (Criminal Court File No. 15).

On August 6, 2010, Thomas gave the prison mail-room authorities his § 2255 motion. Therefore, pursuant to the prison mailbox rule, *see Houston v. Lack*, 487 U.S. 266, 270-71 (1988), it is deemed filed on August 6, 2010. In this motion, Thomas argues his escape conviction no longer

2

qualifies as an Armed Career Criminal predicate offense under 18 U.S.C. § 924(e), based on the Supreme Court's decisions in *Begay v. United States*, 553 U.S. 137 (2008), *Chambers v. United States*, 129 S.Ct. 687 (2009), and *Johnson v. United States*, 130 S.Ct. 1265 (2010) (Criminal Court File No. 17). The government has responded that the § 2255 motion is time-barred (Criminal Court File No. 24).

## II. Statute of Limitations

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), there is a one-year statute of limitation for filing a § 2255 motion. *See* 28 U.S.C. § 2255. Thomas was sentenced to a term of imprisonment for 190 months on May 3, 2007 (Criminal Court File Nos. 10,11). Thomas's judgment was entered on May 14, 2007 (Criminal Court File No. 11). Thomas did not pursue a direct appeal. Thus, "[f]or purposes of the limitations period of § 2255, 'a conviction becomes final at the conclusion of direct review.'" *Brown v. United States*, 20 Fed. Appx. 373 (6th Cir. 2001) (unpublished table decision), *available in* 2001 WL 1136000, (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). If the defendant does not take a direct appeal, the judgment of conviction is final upon the entry of the judgment of conviction, *Brown v. United States*, 2001 WL 1136000 (6th Cir. 2001) (UNPUBLISHED), or on the date on which the time for filing an appeal expired. *United States v. Cottage*, 307 F.3d 494, 499 (6th Cir. 2002). Thomas's judgment of conviction was entered on May 14, 2007, which means his conviction became final ten days later—May 24, 2007.[3] The one-year statute of limitation for filing a § 2255

---

[3] At the relevant time (May of 2007), Rule 4 of the Federal Rules of Appellate Procedure provided defendants with ten days to file a notice of appeal. Fed. R.App.P. 4(b)(1)(A)(2007). It has since been amended to provide a defendant with fourteen days. Fed. R.App.P. 4(b)(1)(A) (2009).

motion began on May 25, 2007, and expired on or about May 24, 2008.

Thomas had one year from the time his judgment of conviction became final to file his § 2255 motion. A motion filed by a prisoner is deemed filed when given to the prison authorities for mailing. *In re Sims,* 111 F.3d 45, 47 (6th Cir. 1997), *citing Houston v. Lack,* 487 U.S. 266, 270-71 (1988); *See* Rule 4(c) Fed. R. App. Proc. Thomas's § 2255 motion indicates it was delivered to prison authorities on August 6, 2010, more than two years after the expiration of the one year statute of limitations for filing a timely § 2255 motion.

Accordingly, Thomas's § 2255 motion was untimely filed on August 6, 2010.

### III. Later Date for Commencement of One-Year Statute of Limitations Inapplicable

Thomas submits that his prior conviction for escape is not a predicate offense under 18 U.S.C. § 924(e) and, therefore, he does not qualify as an Armed Career Criminal. He argues his conviction for escape does not qualify as a predicate offense under the Supreme Court's decision in *Begay v. United States,* 553 U.S. 137 (2008) (New Mexico's crime of driving under the influence did not qualify as "violent felony" under ACCA); *Chambers v. United States*, ___ U.S. ___, 129 S.Ct. 687 (2009) (failure to report for periodic imprisonment was not a violent crime for purposes of sentencing under Armed Career Criminal Act),[4] and *Johnson v. United States*, ___ U.S. ___, 130 S.Ct. 1265, 1274 (2010) (defendant's conviction for battery under Florida law did not qualify as a

---

[4] Whether an offense is a crime of violence under the sentencing guidelines is the same inquiry as whether an offense is a violent felony under the ACCA. *See United States v. Johnson*, No. 06-6545 (6th Cir., Jan. 20, 2009) ("Under the 'categorical approach' for determining whether a prior conviction constitutes a "violent felony" under the Armed Career Criminal Act (ACCA) or a "crime of violence" under § 4B1.2(a), we must look only to the fact of conviction and the statutory definition."); *United States v. Houston*, 187 F.3d 593, 594-95 (6th Cir. 1999) (notes the similarity between § 4B1.2 definition of a "crime of violence" and the definition of a "violent felony" in the ACCA). In the instant case, Thomas was sentenced as an Armed Career Offender under 18 U.S.C. § 924(e).

4

"violent felony."). Therefore, it appears Thomas is implicitly asserting a later date for the commencement of the one-year statute of limitation period applies in his case. As explained below, however, without deciding whether the rule in *Begay* and its progeny is retroactive, the Court concludes that even if *Begay* and *Chambers* are retroactive, Thomas's § 2255 motion is time-barred.[5]

The one-year limitation period commences on the latest of one of the four dates set forth in Title 28 U.S.C. § 2255(f). As discussed above, normally the date would be the date the movant's judgment became final. 28 U.S.C. § 2255(f)(1). However, the statute of limitations may also commence from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review[.]" 28 U.S.C. § 2255(f)(3). Thomas presumably contends this date applies based on the Supreme Court's January 13, 2009, decision in *Chambers*. Assuming, without finding that Section 2255(f)(3) is applicable and that the government's contention that the right asserted by Thomas was initially recognized by the Supreme Court in *Chambers* because the Sixth Circuit relied on *Chambers* in *United States v. Ford*, 560 F.3d 420, 425 (6th Cir. 2009), to hold that a "walkaway escape" no longer categorically qualified as a violent felony is correct,[6] Thomas's § 2255 motion

---

[5] The *Chambers* case was on direct appeal and applies to cases on direct appeal at the time and cases before courts for sentencing; it did not contemplate retroactive application on collateral review. Indeed, the Court's research did not reveal any Sixth Circuit or Supreme Court case applying *Chambers* retroactively to cases which are, like Thomas's, before the Court on collateral review.

[6] That Court observes the *Chambers* Court relied on its ruling in *Begay* instructing how to determine if a crime suffices as a crime of violence to remand the case to the Court of Appeals for proceedings. The Eleventh Circuit has determined *Begay* "set forth a new standard to evaluate which crimes constitute 'violent felonies' and 'crimes of violence,'" *United States v. Archer*, 531 F.3d 1347, 1351 (11th Cir. 2008), and that *"Chambers* clarified or extended the rule announced in *Begay." Berry v. United States*, 2010 WL 883445 (M.D. Fla. 2001). Nevertheless, even if the decisions in *Begay* and *Chambers* are retroactively applicable to Thomas's motion,

is

still time-barred because the one-year statute of limitation under § 2255(f)(3) expired on or about January 13, 2010, and Thomas did not file this motion until August 6, 2010.

In summary, to the extent Thomas argues his petition is timely under § 2255(f)(3) based upon the Supreme Court's *Chambers* decision, assuming *Chambers* is retroactively applicable on collateral review, his § 2255 motion is untimely. Under § 2255 (f)(3), the statute of limitations starts only upon the initial recognition of a right made retroactively applicable to cases on collateral review. Assuming for the sake of this discussion *Chambers* is retroactively applicable to cases on collateral review,[7] Thomas's § 2255 motion, which was filed more than a year after the Supreme Court's January 13, 2009, *Chambers* decision, is time-barred under § 2255(f)(3). Furthermore, even if the date of Thomas' previously filed Rule 60(d) motion were treated as the filing date for purposes of § 2255's one year statute of limitations, the motion was untimely by approximately three months as it was filed on March 23, 2010, almost three months after January 13, 2010, the deadline for filing a § 2255 motion.

**IV.    Conclusion**

Thomas's § 2255 motion to vacate, set aside, or correct his sentence will be **DENIED** as time-barred and this action will be **DISMISSED** (Criminal Court File No. 17).

---

whether Thomas had one year from the date of the decision in *Begay* or one year from the date of the decision in *Chambers*, the motion is untimely.

   [7]   The Court's research did not reveal, nor has Thomas cited, any binding authority from the Sixth Circuit Court of Appeals or the United States Supreme Court holding that *Chambers* should be applied retroactively.

Accordingly, an appropriate judgment order will enter denying Thomas's § 2255 motion and denying him *in forma pauperis* status on appeal and a certificate of appealability.

/s/
CURTIS L. COLLIER
CHIEF UNITED STATES DISTRICT JUDGE