UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| JOHN W. THOMAS, ) | |
| ) | Case No. 1:07-cr-13; 1:16-cv-296 |
| *Petitioner*, ) | |
| ) | Judge Travis R. McDonough |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| *Respondent*. ) | |

## MEMORANDUM OPINION

Before the Court is Petitioner's pro se motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 [Doc. 41]. Petitioner bases his request for relief on the United States Supreme Court case *Johnson v. United States*, 135 S. Ct. 2551 (2015), in which the Court held that the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague [*Id.*]. Respondent agrees Petitioner is entitled to relief [Doc. 45], and both parties urge that the court grant immediate release [Docs. 45, 46]. For the reasons stated below, the motion [Doc. 41] will be **GRANTED.**

**I.    BACKGROUND**

In 2007, Petitioner pleaded guilty to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g)(1) [Docs. 1, 2, 5]. Based on his prior Tennessee convictions for escape and aggravated burglary [Presentence Investigation Report ("PSR") ¶¶ 21, 33–35], Petitioner was deemed an armed career criminal subject to the ACCA's 15-year mandatory minimum sentence [*Id.* ¶ 84–85]. The Court agreed, sentencing Petitioner to 190 months' imprisonment followed by 5 years' supervised release on November 3, 2007 [Doc. 11]. No appeal was taken.

In 2010, Petitioner filed his initial motion pursuant to § 2255, which the Court denied as untimely [Docs. 26, 32].  In 2014, Petitioner unsuccessfully sought authorization to file a successive petition for collateral relief [Doc. 38].  On June 26, 2015, the United States Supreme Court decided *Johnson*, after which Petitioner again requested leave to file a successive motion.  On July 5, 2016, the Sixth Circuit authorized Petitioner to litigate a second § 2255 petition based on *Johnson* [Docs. 39, 42, 43].  The United States has responded in support of relief [Doc. 45].

II.     TIMELINESS OF PETITION

Section 2255(f) places a one-year statute of limitations on all petitions for collateral relief under § 2255 running from either: (1) the date on which the judgment of conviction becomes final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence. 28 U.S.C. § 2255(f).  The petition's reliance on *Johnson* triggers the renewed one-year limitations period under subsection (f)(3).  *See Welch v. United States*, No. 15-6418, 2016 U.S. LEXIS 2451, at *16 (U.S. Apr. 18, 2016) ("*Johnson* is . . . a substantive decision and so has retroactive effect . . . in cases on collateral review."); *In re Windy Watkins*, 810 F.3d 375, 380–81 (6th Cir. 2015) (finding *Johnson* constitutes a new substantive rule of constitutional law made retroactively applicable on collateral review and thus triggers § 2255(h)(2)'s requirement for certification of a second or successive petition).  The renewed period began to run on June 26, 2015 and, as a result, Petitioner's motion falls safely within the

window for requesting collateral relief [Doc. 41]. *See United States v. Mathur*, 685 F.3d 396, 404 (4th Cir. 2012) ("'[B]ecause of the interplay between [§§ 2255(h)(2) and 2255(f)(3)], an applicant who files a second or successive motion seeking to take advantage of a new rule of constitutional law will be time barred except in the rare case in which the Court announces a new rule of constitutional law and makes it retroactive within one year.'" (quoting *Dodd v. United States*, 545 U.S. 353, 359–60 (2005)).

## III.  STANDARD OF REVIEW

To obtain relief under 28 U.S.C. § 2255, a petitioner must demonstrate "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law . . . so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496–97 (6th Cir. 2003)). He "must clear a significantly higher hurdle than would exist on direct appeal" and establish a "fundamental defect in the proceedings which necessarily results in a complete miscarriage of justice or an egregious error violative of due process." *Fair v. United States*, 157 F.3d 427, 430 (6th Cir. 1998).

## IV.  ANALYSIS

A felon who possesses a firearm normally faces a maximum penalty of 10 years' imprisonment, 18 U.S.C. § 924(a)(2), and 3 years' supervised release, 18 U.S.C. § 3583(b)(2). However, if the felon possesses the firearm after having sustained three prior convictions "for a violent felony or serious drug offense, or both," the ACCA requires a 15 year minimum sentence, 18 U.S.C. § 924(e)(1), and increases the maximum supervised release term to 5 years, 18 U.S.C. § 3583(b)(1). The ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that (1) "has as an element the use, attempted use,
3

or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

One of Petitioner's three predicate offenses was for escape in violation of Tenn. Code Ann. § 39-16-605, which prohibits "any lawfully confined person arrested for, or charged with, or found guilty of a civil or criminal offense to escape from a penal institution" or person "in the lawful custody of a law enforcement officer [from] knowingly escaping the officer's custody."

4
Case 1:07-cr-00013-TRM-CHS   Document 47   Filed 08/02/16   Page 4 of 6   PageID #: 237

or threatened use of physical force against the person of another" (the "use-of-physical-force clause"); (2) "is burglary, arson, or extortion, involves use of explosives" (the "enumerated-offense clause"); or (3) "otherwise involves conduct that presents a serious potential risk of physical injury to another" (the "residual clause"). 18 U.S.C. § 924(e)(2)(B).

In *Johnson*, the Supreme Court held "that imposing an increased sentence under the residual clause of the [ACCA] violates the Constitution's guarantee of due process." 135 S. Ct. at 2563. *Johnson* did not automatically invalidate all ACCA sentences, however, emphasizing that its holding "d[id] not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony." *Id.*; *see also United States v. Kemmerling*, 612 F. App'x 373, 375 (6th Cir. 2015) (explicitly finding that *Johnson* did not affect the ACCAs use-of-physical-force clause). Thus, under *Johnson*, an ACCA sentence only raises due process concerns—and is thus invalid—if it was necessarily based on predicate violent felonies that only qualified as such under the ACCA's residual clause. *Compare United States v. Ozier*, 796 F.3d 597, 603 (6th Cir. 2015) (finding district court did not err by categorizing defendant as an armed career criminal where all three predicate offenses qualified under the enumerated-offense and use-of-physical-force clauses of the ACCA), *with United States v. Bell*, 612 F. App'x 378, 379–380 (6th Cir. 2015) (finding *Johnson* precluded defendant from being sentenced as an armed career criminal because one of her three predicate offenses, aggravated assault, failed to qualify under the enumerated-offense and use-of-physical force clauses).

One of Petitioner's three predicate offenses was for escape in violation of Tenn. Code Ann. § 39-16-605, which prohibits "any lawfully confined person arrested for, or charged with, or found guilty of a civil or criminal offense to escape from a penal institution" or person "in the lawful custody of a law enforcement officer [from] knowingly escaping the officer's custody."

Tenn. Code Ann. §§ 39-16-605(a), (b) (2000). The offense does not qualify as a violent felony under the ACCA's use-of-force clause because it does not have as an element the use, attempted use, or threatened use of violent force against another, *see Untied States v. Barnett*, 540 F. App'x 532, 536–37 (6th Cir. 2013) (citing *Descamps* and explaining a statute only meets the first subcategory of violent felony under the ACCA where violations categorically require the use or attempted use of violent physical force), and does not fall within one of the provision's enumerated categories of violent felony. Because the conviction could only qualify as a violent felony under the ACCA's residual clause, *see e.g.*, *United States v. Goodman*, 519 F.3d 310, 317–18 (6th Cir. 2008) (explaining that escape as defined in Tenn. Code. Ann. § 39-16-605 is a crime of violence under the now-defunct residual clause), the *Johnson* decision dictates that it can no longer be used to designate Petitioner an armed career criminal. As a result, Petitioner's 190 month term of imprisonment and 5 years' supervised release [Doc. 11] exceeds his maximum authorized sentence as a non-ACCA offender under § 922(g)(1) by 70 months' incarceration and 2 years' supervised release. *See* 18 U.S.C. § 924(a)(1)(D)(2) ("Whoever knowingly violates subsection . . . (g) . . . of section 922 shall be . . . imprisoned not more than 10 years."). The Court finds that he has demonstrated a clear entitlement to relief.

Where a § 2255 claim has merit, district courts have the discretion to choose between discharging the petitioner, resentencing the petitioner, correcting the petitioner's sentence, or granting the petitioner a new trial. 28 U.S.C. § 2255(b). Absent ACCA enhancement, the parties agree that Petitioner's total offense level and criminal history category would have resulted in a Guideline range of 77 to 96 months' incarceration [PSR ¶¶ 11, 18–20, 41; Doc. 41 p. 3; Doc. 45 p. 4; Doc. 46], and that Petitioner has already served at least 95 months in custody and accrued approximately 12 months of good-time credit [Doc. 41 p. 3; Doc. 45 p. 4; Doc. 46]. As such, the

Court finds correction of Petitioner's sentence to be the most appropriate form of relief. *United States v. Torres-Otero*, 232 F.3d 24, 30 (1st Cir. 2000) ("[I]n cases were the sentence (but not the conviction) is infirm, only the 'resentenc[ing]' or 'correct[ing] the sentence' options are open to the district court, since a prisoner should never be 'discharge[d]' or 'grant[ed] a new trial' based solely on a defective sentence.").

**V. CONCLUSION**

Petitioner has already served 95 months in prison and has earned approximately 12 months of good-time credit [Doc. 41 p. 3; Doc. 45 p. 4; Doc. 46], a total exceeding the ten-year custodial statutory maximum applicable to him post-*Johnson*. As a result, his motion [Doc. 41] will be **GRANTED**, and term of imprisonment will be reduced to a "time served" sentence. The order will take effect 10 days from its entry so as to give the Bureau of Prisons time to process Petitioner's release. Further, the judgment dated May 14, 2007 [Doc. 11] will be **AMENDED** to reflect a term of supervised release of 2 years. The Clerk's Office is **DIRECTED** to prepare an amended judgment in accordance herewith.

SO ORDERED.

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**